UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**BRIAN K. BANKS**                                                             **CIVIL ACTION**

**VERSUS**                                                                     **NO. 21-1788**

**TIM HOOPER, WARDEN**                                              **SECTION "B"(4)**

## ORDER

Considering pro se petitioner Brian Banks' motion to set aside judgment (Rec. Doc. 50),

**IT IS HEREBY ORDERED** that the motion is **DENIED**. Petitioner brings this motion pursuant to Fed. R. Civ. P. 60(b)(4), which provides that "On motion and just terms, the court may relieve a party of its legal representative from a final judgment, order, or proceeding . . . [when] the judgment is void[.]" *See* Rec. Doc. 50 at 1; Fed. R. Civ. P. 60(b)(4). Whereas pro se litigants are held to less stringent standards than lawyers, pro se litigants are not "exempt . . . from compliance with relevant rules of procedural and substantive law." *See NCO Fin. Sys., Inc. v. Harper-Horsley*, No. CIV.A. 07-4247, 2008 WL 2277843, at *3 (E.D. La. May 29, 2008) (internal quotations omitted) (first citing *Haines v. Kerner*, 404 U.S. 519 (1972); and then quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)). Rule 60 applies to final judgments, and here a final judgment on petitioner's writ of habeas corpus has not been entered. Petitioner's pro se status does not relieve him from complying

1

with relevant rules of procedural and substantive law, and as such, this motion to set aside judgment where there is no final judgment must be **DENIED**.

New Orleans, Louisiana this 4th day of August, 2023

_____
SENIOR UNITED STATES DISTRICT JUDGE

2