UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**BRIAN K. BANKS**                                                              **CIVIL ACTION**

**VERSUS**                                                                              **NO. 21-1788**

**TIM HOOPER, WARDEN**                                                **SECTION "B"(4)**

**ORDER AND REASONS**

Before the Court is petitioner Brian K. Banks's motion to alter or amend judgment pursuant to F.R.C.P. 59(e) (Rec. Doc. 58). For the reasons discussed below,

**IT IS HEREBY ORDERED** that petitioner's motion is **DENIED**.

Petitioner seeks reconsideration of the Court's recent denial of his habeas corpus petition, entered into the record on April 2, 2024. *See* Rec. Doc. 56. In general, the Federal Rules of Civil Procedure apply to habeas petitions. *See* Fed. R. Civ. P. 81(a)(4). Those rules do not specifically provide for motions for reconsideration. *See Sheperd v. International Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004). However, motions filed after judgment requesting that the court reconsider a prior ruling is evaluated as a motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e). *Id.* Rule 59(e) provides: "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Where filed within such time limits, the motion relating to a habeas petition is considered from Rule 59(e) standards, and is not construed as a successive petition. *See Banister v. Davis*, 590 U.S. 504, 513–14 (2020) (citing *Browder v. Director, Dept. of Corrections of Ill.*, 434 U.S. 257 (1978)) (distinguishing motion from one under Fed. R. Civ. P. 60(b)).

Petitioner files as a *pro se* inmate. *See* Rec. Doc. 58 at 2. His motion was dated April 19, 2024 and marked received by his facility's Legal Programs Department on April 22, 2024. *Id.* at

1

1–2. Pursuant to the prisoner mailbox rule for prisoners who are proceeding *pro se*,[1] petitioner's Rule 59(e) motion was filed timely. *See Brown v. Taylor*, 829 F.3d 365, 368–69 (5th Cir. 2016) (citing *Houston v. Lack*, 487 U.S. 266, 270–71 (1988)).

Although timely filing, petitioner seeks "an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (citation omitted). Reconsideration through "[a] Rule 59(e) motion 'calls into question the correctness of a judgment,'" and as such, "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *See id.* at 478–79 (citations and some internal quotations omitted). In contrast, it is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id.* (internal citation omitted); *see also Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). Even more clearly, the United States Supreme Court clarified the term and, accordingly, the scope of the motion: "[R]econsideration means just that: Courts will not entertain arguments that could have been but were not raised before the just-issued decision." *Banister*, 590 U.S. at 516 (internal quotation omitted).

To prevail on a Rule 59(e) motion, a movant must demonstrate at least one of four factors: "(1) the motion is necessary to correct a manifest error of law or fact upon which the judgment is based; (2) the movant presents newly discovered or previously unavailable evidence; (3) the motion is necessary in order to prevent manifest injustice; or (4) the motion is justified by an intervening change in controlling law. *Treece v. Perrier Condo. Owners Ass'n, Inc.*, 569 F. Supp.

---

[1] The prisoner mailbox rule "provides that a *pro se* inmate's notice of appeal is deemed filed on the date that the inmate gives the notice to prison authorities to be sent to the relevant court." *Brown v. Taylor*, 829 F.3d 365, 368–69 (5th Cir. 2016) (noting prisoner mailbox rule applies to Rule 59(e) motions).

3d 347, 356 (E.D. La. 2021); *see also Schiller*, 342 F.3d at 567–68.

In the instant motion, petitioner merely rehashes previous arguments. He again turns to a state district court opinion for a newly recognized and retroactively applicable constitutional right. Rec. Doc. 58 at 4–5 (citing State v. Maxie, No. 13-72522 (La. 11th Jud. Dist. Oct. 11, 2018)). This Court previously considered and rejected that argument. *See* Rec. Doc. 56 at 7.

Additionally, but without providing a specific allegation of miscalculation, petitioner also takes issue with the tolling analysis in both Magistrate Judge Roby's Report and Recommendation and this Court's Order and Reasons. *See* Rec. Doc. 58 at 5–6. Instead of pointing to a manifest error within these opinions, petitioner points to Louisiana legislation issued during the COVID-19 pandemic that could suspend filing deadlines. *Id.* at 7; *see also* Rec. Doc. 58-1 (copy of La. Code Crim. Proc. art. 958, authorizing the Louisiana Supreme Court to issue orders during times of declared emergency "suspending all time periods, limitations, and delays pertaining to the initiation, continuation, prosecution, defense, appeal, and post-conviction relief of any prosecution"). Theres is no showing that the Louisiana Code of Criminal Procedure article was so utilized to toll the deadlines of his petition. Furthermore, the Court's review of the Louisiana Supreme Court's nineteen COVID-19-related orders evidence no such tolling. *See Coronavirus (COVID-19) Information and Resources*, La. Supreme Ct., https://www.lasc.org/COVID19 (last visited April 23, 2024). All this notwithstanding, a more basic bar stands in front of petitioner's new tolling argument: "Courts will not entertain arguments that could have been but were not raised before the just-issued decision." *Banister*, 590 U.S. at 516. Lastly, federal courts are not bound by administrative or procedural state court rulings like the instant one cited here.

As such, petitioner presents no actionable ground for reconsideration. The Order and Reasons (Rec. Doc. 56) and its related Judgment (Rec. Doc. 57) remain the unaltered conclusions

of the Court.

New Orleans, Louisiana this 29th day of April, 2024

_____
SENIOR UNITED STATES DISTRICT JUDGE
