UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**BRIAN K. BANKS**                                              **CIVIL ACTION**

**VERSUS**                                                      **NO. 21-1788**

**TIM HOOPER, WARDEN**                                          **SECTION "B"(4)**

**ORDER AND REASONS**

Before the Court is petitioner Brian K. Banks's motion to alter or amend judgment pursuant to F.R.C.P. 59(e) (Rec. Doc. 60). For the reasons discussed below,

**IT IS HEREBY ORDERED** that petitioner's motion is **DENIED**.

Petitioner again seeks reconsideration of the Court's recent denial of his habeas corpus petition, entered into the record on April 2, 2024. *See* Rec. Doc. 56 (Order and Reasons); Rec. Doc. 57 (Judgment). Petitioner files as a *pro se* inmate. *See* Rec. Doc. 60 at 1. Although his motion is undated, it is marked as received by his facility's Legal Programs Department on June 3, 2024. *Id*. Moreover, with the exception of the presence of a later filing date and the absence of two cover pages, petitioner's instant motion is a carbon-copy of his previous motion to alter or amend judgment. *Compare id.* at 1–7, *with* Rec. Doc. 58 at 1–9 (dated April 19, 2024). In our previous denial, this Court explained the pertinent deadline for a reconsideration of a denial of a habeas corpus application:

> In general, the Federal Rules of Civil Procedure apply to habeas petitions. *See* Fed. R. Civ. P. 81(a)(4). Those rules do not specifically provide for motions for reconsideration. *See Sheperd v. International Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004). However, motions filed after judgment requesting that the court reconsider a prior ruling is evaluated as a motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e). *Id.* Rule 59(e) provides: "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Where filed within such time limits, the motion relating to a habeas petition is considered from Rule 59(e) standards, and is not construed as a successive petition. *See Banister v. Davis*, 590 U.S. 504, 513–14 (2020) (citing *Browder v. Director, Dept. of Corrections of Ill.*, 434 U.S. 257 (1978)) (distinguishing motion from one under Fed. R. Civ. P. 60(b)).

1

Rec. Doc. 59 at 1. This timing standard has not changed in the intervening thirty-five (35) days. However, its application has. Petitioner now moves for reconsideration of the denial of his habeas application sixty-two (62) days after its filing. Without clear admission of his tardiness, petitioner himself accepts the governing twenty-eight (28) -day standard. *See* Rec. Doc. 60 at 1 ("A Motion to Alter Judgment must be filed no later than 28 days after the entry of the judgment."). Petitioner's instant motion arrives after twice as many days as is permissible.

Motions late under Federal Rule of Civil Procedure 59(e) may be treated under Rule 60(b), "if the grounds asserted in support of the Rule 59(e) motion would also support Rule 60(b) relief." *Frew v. Young*, 992 F.3d 391, 396 (5th Cir. 2021) (internal quotations omitted). Rule 60(b) includes six grounds on which relief from a final judgment may be granted:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud, misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Additionally, the Fifth Circuit acknowledges a basis for Rule 60(b) relief as "to rectify an obvious error of law." *See Caldwell v. Parker Univ.*, 802 F. App'x 841, 842 (5th Cir. 2020).

No Rule 60(b) ground is present here. As previously noted, the instant motion for reconsideration is a verbatim reproduction of petitioner's previous motion for reconsideration. *Compare* Rec. Doc. 60, *with* Rec. Doc. 58. Accordingly, no Rule 60(b) ground is presented. In turn, petitioner's instant motion must be rejected.

Although Rule 60(b) provides the operative ground for rejecting petitioner's instant motion

for reconsideration, this Court's previous denials from Rule 59(e) and 28 U.S.C. § 2254 considerations—and the reasons therefor—still apply. *See* Rec. Doc. 58 at 3–4; Rec. Doc. 56 at 6–12. This duplicative filing is frivolous and without merit.

    New Orleans, Louisiana this 3rd day of June, 2024

_____
SENIOR UNITED STATES DISTRICT JUDGE
